

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
VICTOR CLEMENTE,

        Petitioner,

- against -

WILLIAM LEE,

        Respondent.
------------------------------------------------------------ X

**MEMORANDUM**
**DECISION AND ORDER**
18–CV–1978 (AMD)

**ANN M. DONNELLY,** United States District Judge.

On March 28, 2018, the petitioner, currently incarcerated[1] at Eastern New York Correctional Facility, brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. The petitioner claims, among other things, a Sixth Amendment speedy trial violation, and that his trial and appellate counsel were ineffective. On July 9, 2018, the respondent moved to dismiss the petitioner's claims regarding his direct appeal as untimely. For the following reasons, the respondent's motion is granted.

## BACKGROUND

On November 20, 1986, the petitioner was arrested and charged with the murder of his neighbor. The trial court dismissed the indictment on March 22, 1988, on the theory that the petitioner had been denied a speedy trial. In May of 1989, the Appellate Division reversed the trial judge's decision, ruling that the approximately 14 month delay "was not an extraordinarily long time, given the seriousness of the charge," and that the petitioner had not demonstrated any prejudice. *People v. Clemente*, 541 N.Y.S.2d 583, 584 (2d Dep't 1989). The appellate court reinstated the indictment, and remitted the matter for further proceedings on the indictment. *See*

---

[1] The petitioner is serving concurrent prison terms of twenty years to life for second degree murder and five to fifteen years for second degree weapons possession.

*id.* When the petitioner failed to appear for his June 13, 1989 court date, a warrant was issued for his arrest. *People v. Clemente*, 30 N.Y.S.3d 880, 881 (2d Dep't 2016), *leave to appeal denied*, 63 N.E.3d 76 (2016).

In December 2006, police officers arrested the petitioner in California. The petitioner went to trial before the Honorable Richard L. Buchter and a jury, and on April 30, 2008, was convicted of second degree murder and weapons possession. Judge Buchter sentenced the petitioner to concurrent indeterminate prison terms of twenty years to life for murder and five to fifteen years for the weapons possession. *People v. Clemente*, 922 N.Y.S.2d 193, 194 (2d Dep't 2011).

## I. Direct Appeal

In December 2010, the petitioner, represented by Thomas Theophilos, appealed his conviction. He argued that the trial court should have dismissed the indictment on Sixth Amendment speedy trial grounds. He also complained about the trial court's evidentiary rulings, the prosecutor's comments in summation, and about the court's charge to the jury. In addition, the petitioner claimed that his trial counsel was ineffective because of a question to the victim's wife about a civil settlement. (ECF No. 1 at 19–29.)

On May 3, 2011, the Appellate Division affirmed the conviction, holding that the trial court "properly determined that the defendant's constitutional right to a speedy trial was not violated." *People v. Clemente*, 84 A.D.3d 829, 830 (2011). The Appellate Division rejected the petitioner's claims about the prosecutor's summation, the trial court's evidentiary rulings, and the jury charge. *Id.* at 830–31. The court also found that the petitioner's lawyer provided him with effective representation. *Id.* at 831. The Court of Appeals denied the petitioner's motion

for leave to appeal on June 23, 2011, and denied his motion for reconsideration on August 31, 2011. *People v. Clemente*, 17 N.Y.3d 793 (2011); *People v. Clemente*, 17 N.Y.3d 814 (2011).

On June 4, 2012, the United States Supreme Court denied the petitioner's petition for a writ of certiorari. *Clemente v. New York*, 566 U.S. 1035 (2012).

## II. 440.10 Motion to Vacate Judgment

On December 27, 2012, the petitioner moved *pro se* to vacate the conviction under C.P.L. § 440.10, claiming that he was denied counsel when the government appealed the trial court's dismissal of the indictment in 1989. (ECF No. 1 at 33–49.)

Judge Buchter denied the petitioner's motion on April 18, 2013, ruling that "[the trial] court [was] not the proper forum for the relief requested," and that "the proper forum for the relief defendant requests is the Appellate Division." (*Id.* at 51–52.) The petitioner did not seek leave to appeal the denial of the motion.

## III. First Writ of Error *Coram Nobis*

On September 11, 2013, the petitioner moved *pro se* for *coram nobis* relief in the Appellate Division on the same ground—that his conviction should be vacated because he was not represented in the 1989 appeal. (*Id.* at 54–70.)

On February 11, 2015, the Appellate Division granted the petitioner's writ of error *coram nobis* in part. Holding that the petitioner's "right to appellate counsel" had been violated, the Appellate Division appointed Lynn W.L. Fahey to represent the petitioner and ordered that the government re-file the appeal. *People v. Clemente*, 125 A.D.3d 786, 786 (2d Dep't 2015) (citation omitted). The Appellate Division reserved judgment on the merits until both parties had briefed the appeal.[2] *Id.* at 787. The petitioner, represented by counsel, submitted his appellate

---

[2] The government moved the Court of Appeals for leave to appeal. The motion was denied on June 15, 2015. *People v. Clemente*, 25 N.Y.3d 1161 (2015).

3

brief in August of 2015, and on May 4, 2016, the Appellate Division found that "there [wa]s no basis to vacate [the] original determination in the decision and order dated May 22, 1989 . . . reversing the order dismissing the indictment, and thereupon reinstating the indictment." *People v. Clemente*, 139 A.D.3d 751, 753 (2d Dep't 2016). The appellate court held that the trial court erred when it dismissed the indictment on speedy trial grounds, and denied the "remaining branches of the [petitioner's] application" for a writ of error *coram nobis*. *Id.* at 752. On August 11, 2016, the Court of Appeals denied the petitioner's motion for leave to appeal. *People v. Clemente*, 28 N.Y.3d 928 (2016).

## IV. Second Writ of Error *Coram Nobis*

On April 5, 2017, the petitioner filed his second *pro se* motion for *coram nobis* relief, arguing that he did not receive effective representation on his direct appeal or on the rehearing of the prosecutor's appeal of the speedy trial dismissal. The petitioner argued that his attorney on direct appeal should have challenged Judge Buchter's response to a jury note. He also claimed that his lawyer on the rehearing was ineffective because she did not argue that the Appellate Division should have vacated his conviction instead of ordering a new appeal. (ECF No. 1 at 132–52.)

The Appellate Division denied the petitioner's application on December 13, 2017, because the petitioner "failed to establish that he was denied the effective assistance of appellate counsel." *People v. Clemente*, 156 A.D.3d 716, 717 (2d Dep't 2017). On March 16, 2018, the petitioner's motion for leave to appeal was denied. *People v. Clemente*, 31 N.Y.3d 982 (2018).

## V. Federal Habeas Proceedings

On March 3, 2017, the petitioner filed a petition for writ of habeas corpus, and made the same arguments that he made on his direct appeal. *Clemente v. Lee*, No. 17–CV–1278, Dkt. No.

4

1 (E.D.N.Y. Mar. 1, 2017). About a week after the filing the Court dismissed the petition without prejudice at the petitioner's request. *Clemente v. Lee*, No. 17–CV–1278, Dkt. Nos. 4, 5 (E.D.N.Y. Mar. 22, 2017).

On March 28, 2018, the petitioner filed this habeas petition. The petitioner does not make specific arguments, but instead references the briefs filed in the petitioner's direct appeal, his first and second writs of error *coram nobis*, and the counseled brief in the re-filed 1989 appeal. (ECF No. 1 at 1–15.) Construing the petitioner's *pro se* filing to raise the strongest arguments it suggests, I interpret his petition to raise the claims argued in the referenced briefs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On July 9, 2018, the respondent moved to dismiss as untimely the claims challenging his underlying conviction that he raised on direct appeal and his claim that the attorney who handled his direct appeal was ineffective.[3] (ECF Nos. 7, 8.) The respondent argues that the direct appeal claims "raise ordinary issues of hearing and trial error" that "do not rely on any newly recognized constitutional rights or any newly discovered factual predicates." (ECF No. 8 at 19–20.) On August 13, 2018, the petitioner responded, contending that his direct appeal claims are timely because the statute of limitations was tolled. (ECF No. 9.) The petitioner did not argue that any new rights or factual predicates alter the limitations period. (*Id.*)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a "[one]–year period of limitation [] to an application for a writ of habeas corpus by a person in

---

[3] In his reply, the respondent argues for the first time that "the right-to-counsel issue raised by petitioner in his first application for coram nobis relief is moot and should also be dismissed." (ECF No. 11 at 5.) Because "arguments raised for the first time in reply briefs need not be considered," I do not address this argument. *Mayer v. Neurological Surgery, P.C.*, No. 15–CV–0864, 2016 WL 347329, at *4 (E.D.N.Y. Jan. 28, 2016) (citing *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 625 n.1 (2d Cir. 2007)).

custody pursuant to a judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year limitations period runs from the date on which the state criminal judgment became final. *See* 28 U.S.C. § 2244(d)(1); *Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000) (per curiam); *Rivera v. Clinton Corr. Facility*, 590 F. App'x 93, 94 n.2 (2d Cir. 2015) (summary order). A petitioner's conviction becomes final for AEDPA purposes "after the denial of certiorari or the expiration of time for seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (citations omitted); *accord Rivera*, 590 F. App'x at 94 n.2.

Under AEDPA, the petitioner's conviction became final when the Supreme Court denied his petition for a writ of certiorari on June 4, 2012; and his habeas petition was due one year later, on June 4, 2013. The petitioner did not seek habeas relief until March 28, 2018. Absent statutory or equitable tolling, the petition is time-barred as to claims that he could have brought when the conviction became final. The petitioner argues that the challenged claims regarding the direct appeal are timely because AEDPA's statutory tolling provisions extended the statute of limitations to at least March 28, 2018, or alternatively, the limitations period was equitably tolled. Neither of these arguments is persuasive. (ECF No. 9.)

### I. Statutory Tolling

Under AEDPA's tolling provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending [is] not [to] be counted" towards any period of limitations. 28 U.S.C. § 2244(d)(2). "[A] state-court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Dail v. Mortun*, No. 17–CV–6630, 2018 WL 3973014, at *3 (E.D.N.Y. Aug. 20, 2018) (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)). In other

words, "the date upon which a motion is filed stops the running of the AEDPA clock and the day that the motion is finally decided starts the AEDPA clock running once again." *Evans v. Senkowski*, 228 F. Supp. 2d 254, 262 (E.D.N.Y. 2002) (citing *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir. 2000)). Filing a post-conviction motion does not re-start AEDPA's one-year statute of limitations period; § 2244(d)(2)'s tolling provision merely excludes the time a post-conviction motion is pending from the calculation of the one-year statute of limitations. *Smith*, 208 F.3d at 15.

In this case, the one year statute of limitations started to run on June 4, 2012, when the Supreme Court denied the petitioner's petition for a writ of certiorari. On December 27, 2012—206 days after his final conviction—the petitioner filed his 440.10 motion to vacate, which stopped the limitations period from running. At the time he filed his 440.10 motion, the petitioner had 159 days to file a timely habeas petition. The AEDPA limitations started running again on April 18, 2013, when Judge Buchter denied the petitioner's 440.10 motion.

The petitioner filed his next post-conviction motion, the first motion for *coram nobis* relief, on September 11, 2013—146 days after the 440.10 decision. At that point, the petitioner had only 13 days to file a timely habeas petition. When the Appellate Division denied his *coram nobis* application on May 4, 2016, the statute of limitations began to run again;[4] thus, 13 days later, on May 17, 2016, the one year period to file a timely habeas petition expired.[5] In short, the

---

[4] "AEDPA's statute of limitations is not tolled during the interval when a petitioner seeks leave to appeal an Appellate Division's denial of a *coram nobis* motion because the *coram nobis* motion ceases to be 'pending' when it is denied by the Appellate Division." *Clark v. Barkley*, 51 F. App'x 332, 334 (2d Cir. 2002) (summary order) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 71–72 (2d Cir. 2001)).

[5] The petitioner filed a habeas petition on March 1, 2017, which was dismissed voluntarily. "[T]he filing of a federal habeas petition that is later dismissed or withdrawn does not toll the one-year limitations period of § 2244(d)(1)." *Rodriguez v. Bennett*, 303 F.3d 435, 437 (2d Cir. 2002) (citation omitted).

7

petitioner's claims about his direct appeal, even after statutory tolling, were not within the AEDPA one year limitations period.

## II. Equitable Tolling

Nor has the petitioner established that the statute of limitations should be equitably tolled. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances," but should be "applie[d] only in . . . 'rare and exceptional circumstance[s].'" *Valverde v. Stinson*, 224 F.3d 129, 133 (2d Cir. 2000) (citations omitted). A court may toll the AEDPA one-year statute of limitations only if the petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citations omitted).

"Courts have found the AEDPA limitations period equitably tolled where a criminal defendant's attorney's behavior was 'so outrageous or so incompetent as to render it extraordinary.'" *Salas v. United States*, No. 14–CV–1915, 2015 WL 260574, at *2 (E.D.N.Y. Jan. 20, 2015) (quoting *Nickels v. Conway*, 480 F. App'x 54, 56 (2d Cir. 2012) (summary order)). One instance of such extraordinary conduct is "an attorney's failure to file a habeas petition on behalf of a prisoner despite explicit directions from the prisoner to do so." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011); *see Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (Counsel's failure to file a habeas petition after "being specifically directed by his client's representatives to file a [petition]" was an extraordinary circumstance.). "Garden variety claim[s] of excusable neglect" do not warrant equitable tolling. *Holland*, 560 U.S. 631, 651 (2010) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

8

In addition to establishing an extraordinary circumstance, a petitioner seeking equitable tolling must also "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." *Jenkins v. Greene*, 630 F.3d 298, 303 (2d Cir. 2010) (quoting *Valverde*, 224 F.3d at 134); *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011) ("[I]t is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline.").

The petitioner claims that the Court should toll the limitations period because Tammy Linn, his attorney in the re-filed appeal, sent him a letter on August 25, 2016 informing him that he had "1 year and 90 days" from August 11, 2016 to file a petition for writ of habeas corpus, which the petitioner interpreted to mean that "he could raise all his issues from direct appeal . . . and post-conviction appeals" in that time frame. (ECF No. 9 at 7, 14.) The petitioner does not claim that Ms. Linn's advice was wrong, just that he misunderstood her. This misunderstanding does not qualify as an "extraordinary" circumstance. *See Swanton v. Graham*, No. 07–CV–4113, 2009 WL 1406969, at *5 (E.D.N.Y. May 19, 2009) ("[I]t is well-settled that a mistake or lack of legal knowledge is not an excuse under the law, and any equitable tolling argument arising therefrom is without merit."); *Hickey v. Senkowski*, No. 02–CV–1437, 2003 WL 255319, at *4 (S.D.N.Y. Feb. 4, 2003) (The petitioner's mistake of law did not constitute an extraordinary or unusual circumstance meriting equitable tolling.). Moreover, even if Ms. Linn had given the petitioner the wrong deadline—and she did not—that mistake would not meet the high bar needed to warrant equitable tolling. *See Holland*, 560 U.S. at 651 ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (internal citations omitted). In any event, the petitioner

cannot show that the letter caused his untimely filing because, as discussed above, for the petition to be timely, he would have had to file by May 17, 2016—months before he received the letter. Equitable tolling is not appropriate in this case, and the petitioner's claims about his direct appeal are untimely.

## CONCLUSION

The respondent's motion to dismiss is granted, and petitioner's claims "challeng[ing] the underlying judgment of conviction and the effectiveness of counsel on the direct appeal" are dismissed as time-barred. (ECF No. 7 at 17.) The respondent is to respond to the remaining claims within 60 days of this Order.

**SO ORDERED.**

Dated: Brooklyn, New York
      January 9, 2019

                                      s/Ann M. Donnelly
                                      Ann M. Donnelly
                                      United States District Judge